## Fleming *against* Potter.

In an action upon a note for the payment of a certain sum in specific articles and at a certain place, it is not necessary to the maintenance of plaintiff's action that he should have made a demand of the articles at the time and place: but to defeat the plaintiff's action the defendant must prove that he was ready at the time and place and continued ready. On failure to make this proof the plaintiff may recover the amount in money.

ERROR to the common pleas of *Erie* county.

Simeon Potter against James Fleming and I. Woodworth.

This suit was brought partly on a note or agreement, of which the following is a copy:

"Conneaut, June 13th, 1836. For value received we promise to pay Simeon Potter or bearer 40 dollars in castings or ploughs, at our furnace in Elk Creek, by the 1st of November next. If paid in ploughs at our retail price, they are to have two points—if in castings, they are to be stoves, or *any that we make*, at our retail price.

"J. Fleming & Woodworth."

Defendants pleaded *non assumpserunt*, with leave to give the special matters in evidence, and payment.

The defendants requested the court to charge the jury on the following points.

1st. That the plaintiff cannot recover in this suit for the ploughs and castings mentioned in the writing of the 13th of June 1836, without showing that he demanded the articles or made his selection of such articles as he wanted under the same, or notified the defendants what articles he desired on the writing.

2dly. If the jury are satisfied from the evidence that the defendants had on hand at their furnace a sufficient quantity of such articles as those mentioned in the writing, and were ready to comply with the terms of it, the plaintiff cannot recover in this suit without showing a demand of the articles and a refusal to deliver them.

3dly. That if the jury believe, from the testimony of Cornelius T. Post, that the conversation between the parties in March 1837 related to the castings, &c. mentioned in the writing on which this suit is brought, it constitutes an extension of the agreement, and is an admission of the agreement as an existing contract still in force at that time.

To which the court (Shippen, President) answered:

"Defendant among other witnesses called Cornelius T. Post, who

[Fleming v. Potter.]

testified as follows: 'I moved to the furnace in March 1837. Potter and his brother called at the furnace in March and asked Woodworth if he had castings, asked for fire dogs and ploughs. Woodworth said they had, and offered to show them. Potter said he would call at another time; that he was not prepared to take them then. They were on horseback. There were ploughs and castings at the furnace.'

" This case depends on the question, whether the jury believe that the defendants have proved their plea of tender and readiness to perform. They must show that they were ready to deliver castings on the 1st of November, and always continued ready. There is no proof that they have paid the note. Demand and selection are not necessary. Defendants must show that they were and continued ready to perform their contract."

To the second point the court answered as requested.

To the third point. " We do not concur. We see nothing in the testimony of Cornelius T. Post proving a new contract between the parties. If the defendants have made out their plea, the verdict should be in their favour. If not, it should be for the plaintiff in money."

Errors assigned.

1st. The court erred in their answer to the first point put by defendants' counsel, and in not laying down the law correctly to the jury.

2d. In not answering defendants' third point as requested, and in deciding the fact instead of the law.

*Galbreath,* for the plaintiffs in error, cited, 2 *Watts* 139.

*Riddle,* contra, cited, *Chipm. Cont.* 55, 108, 120; 2 *Penn. Rep.* 68; 6 *New Ham. Rep.* 159; 16 *Mass. Rep.* 453; 2 *Kent* 506.

The opinion of the Court was delivered by

SERGEANT, J.—In the case of Roberts *v.* Beattie, 2 *Penns. Rep.* 63, the late Mr Justice Ross examined with much care the principles that regulate contracts for the delivery of specific articles, and has referred to numerous authorities on the subject, some of which seem to be decisive on the present question. In Townsend *v.* Wells, 3 *Day's Rep.* 327, in the supreme court of errors, the suit was brought upon a promissory note for 80 dollars, to be paid in good West India rum, sugar or molasses, at the election of the payee, within eight days after date. It was held to be unnecessary to aver that the payee had made his election, and given notice thereof to the promissor, as the latter was bound at all events to make payment within eight days in one of the articles specified, and on failure would immediately become liable on the note. So in Thomas *v.* Roosa, 7 *Johns. Rep.* 461, on a note by which the defendant promised to pay the plaintiff a good horse, to be worth with saddle and bridle 80 dollars, and goods out of the store amounting to 20 dollars, it was held that no request was requisite, for a request was not part of the contract.

VII.—2 H

[Fleming v. Potter.]

Putting the case of the defendants here in the most favourable point of view for them, namely, that the contract was not to deliver specific articles, but ploughs or castings such as the defendants made, and that the election of the kind of articles was in the plaintiff, yet on failure of the plaintiff to elect, the promissor was bound to perform his contract by delivering some of the articles stipulated ; the right of election devolving upon him in the absence of an election by the plaintiff. It was therefore the duty of the defendant to show he was ready and willing to deliver them, and still continued ready and willing to do so.    It must be deemed the act of the promissor to have bound himself by such a contract, according to the principle settled in Paradise *v.* Jane, *Alleyn* 27, cited 10 *East* 533, 2 *Penn. Rep.* 67, that when a party by his own contract creates a duty or charge upon himself, he is bound to make it good if he may, notwithstanding even the accident of inevitable necessity, because he might have provided against it by his contract.    The rule, therefore, laid down by the court below was right; that demand and selection were not necessary to be proved, but the defendants were bound to show that they were ready at the time and place appointed to deliver the articles stipulated, and had continued ready.    On failure to do so, they became liable to pay the money.    The defendants might have shown this on the plea of *non assumpsit. 2 Penns. Rep.* 70 ; 13 *Johns.* 5, 6. As to the plea of payment, the court properly instructed the jury there was no proof of payment.

There is no foundation for the second error

Judgment affirmed.