# Phillips *et al. versus* Allegheny Car Company.

1. A., the agent of a company, contracted with B. to supply the company with lumber, one half to be paid by the company in cash within the first fifteen days of each month, for the lumber delivered the preceding month, and the other half to be paid in the stock of the company at par value. The company neither made the cash payments nor tendered the stock, and B. brought an action to recover the whole amount of the claim in money. *Held,* that the agreement to take pay in stock for one half was absolute and not contingent upon the prompt payment of the cash portion, and where there had been no refusal to deliver the stock, the mere failure to pay the cash at the times appointed did not enable B. to rescind the contract and demand payment of the whole in money.

2. B., having paid for it in lumber, became the owner of the stock and entitled to demand a certificate therefor, and in the absence of such demand or refusal by the company to issue the certificate, the company was not in default by a failure to tender the stock.

3. Brown *v.* Foster, 1 P. F. Smith 165, distinguished.

October 6th 1876.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1875, No. 256.

This was an action on the case, brought by John O. Phillips and William Mittenzwey, trading as Phillips & Mittenzwey, against the Allegheny Car and Transportation Company, to recover in money the amount due on a contract to deliver lumber and take part pay therefor in stock of the defendant company.

The case was thus:

Mr. D. C. Phillips, who was treasurer of the company, with the authority from the company to purchase lumber, went, in 1873, to his brother, one of the plaintiffs, and said to him that the company would take a certain quantity of lumber from his firm, Phillips & Mittenzwey, if they would accept the pay therefor one-half in cash and one-half in the stock of the company at par value. Mr. John O. Phillips asked what was meant by cash, and his brother answered that the custom of the company was to pay each month before the 15th for the previous month's receipts.   On these terms Mr. John O. Phillips said his firm would take the order and fill it.   The par value of the stock was $50, and it was not denied that at the time of suit brought it could have been sold for its par value.

Phillips & Mittenzwey from time to time delivered the lumber, and the whole order was filled prior to October 2d 1873.

The firm repeatedly asked for payments on account, but none were made.   In October of the same year Mr. John O. Phillips met Mr. Paul, the general manager of the company, on the street, and told him if the company did not pay the money that was coming to his firm, they would refuse to take the stock.   On the 22d of the next month, November, defendants paid $700 on account, which the plaintiffs received without objection.   The plaintiffs never made any demand for the stock, and it appeared that defendants were ready and could have delivered it at any time.   No further payments having been made by defendants, this suit was brought by plaintiffs, who claimed that the whole balance due was payable in cash.

On the trial, before Collier, A. L. J., plaintiffs presented these two points, both of which the court refused:—

" 2. That under the special contract, as proved by defendants, it was the duty of defendants, at least within a reasonable time after the final delivery of the lumber, to offer certificates of stock and payment of the money, in compliance with the contract, and failing this, the whole became payable in money.

" 3. That the failure by defendants to pay cash from month to month for one-half the delivery of lumber, as proved by D. C. Phillips to be a condition of the contract, gave the plaintiffs the

[Phillips *et al. v.* Allegheny Car Co.]

option to rescind the special terms as to stock, and claim the whole amount in money."

The following point was reserved by the court:—

"That if the jury find that plaintiffs agreed to furnish and did furnish the defendants the lumber as set forth in their bill of particulars, at the agreed price of $4063.70; that it was a part of the contract that one-half the price was to be paid by defendants in cash within the first fifteen days of each month for the lumber delivered in the preceding month, and the other half was to be paid in the stock of the company at par value; that the lumber was all delivered from time to time prior to the 2d day of October, but the defendants failed, though often requested, to pay any cash on the contract according to its terms; that after the entire delivery, plaintiffs notified defendants that unless they complied with the terms of the contract by making the cash payment, they, the plaintiffs, would rescind the contract as to the stock and claim the whole price in money; that subsequently, to wit, November 22d 1873, defendant paid $700 on account, which was received by the plaintiffs without objection, or notice that they intended to disaffirm the original agreement, still leaving $1331.85 due on the cash half of the contract, that plaintiffs, on such a state of facts, had the right to claim the whole price in money, and are entitled to a verdict for the balance of their bill, to wit, the sum of $3363.70, with interest from November 22d 1873."

There being no dispute about the facts in the foregoing point reserved, the court directed the jury to find a verdict for the plaintiffs for $1445.52, subject to the opinion of the court on the law reserved; and should that opinion be with the plaintiffs in the above point, then the verdict to be for them for $3363.70 with interest from November 22d 1873, *non obstante veredicto.*

In their charge the court said: "We think the true rule is this, that if you believe the contract was made as stated; that the stock was of par value; and, that Mr. Phillips went from time to time to get the money due, and even gave notice that if they did not pay it he would not take the stock, yet if afterwards he received $700 on account, and then gave no further notice that he would not stand to the original contract, the plaintiffs would be bound to fulfil it; that is it would be an affirmance, under all the circumstances of the original bargain."

On the reserved question the court entered judgment for the defendant, and thereupon judgment was entered on the verdict.

Plaintiffs took this writ, and the errors assigned were the refusal of plaintiffs' two points; in refusing to enter judgment for plaintiffs for the full amount of their claim upon the point reserved, and in charging the jury as above.

*Hill Burgwin,* for plaintiffs in error.—The contract substantially

was this; that plaintiffs would take half their bill in stock, provided the other half was paid promptly in cash on delivery. The cash has not been paid, though repeatedly demanded before suit brought, and this condition unperformed plaintiffs claim they have the right to recover the whole in money, and the contract should be considered an entirety, not separable. It was the duty of defendants to relieve themselves of liability to tender the stock. When no time or place is fixed by the contract for the payment or delivery of specific property, there must be an offer or tender within reasonable time to pay or deliver. If no place be fixed, obligor must seek creditor: Roberts v. Beatty, 2 Penna. R. 63. No tender having been made at proper place and time, defendant's right of election is gone, and plaintiff may recover for money due: Ibid; Church v. Feterow, 2 Penna. R. 301; Fleming v. Potter, 7 Watts 380; White v. Tompkins, 2 P. F. Smith 363, and cases cited; 2 Parsons' Contracts 651, *notis*. The case of Brown v. Foster, 1 P. F. Smith 165, governs this case, and carries the rule beyond what is here claimed. Defendants may have been willing but were not ready. Willingness and readiness to pay are distinguishable: North Am. Oil Co. v. Forsyth, 12 Wright 291. For non-delivery of stock when obligation exists, money by way of damages may be recovered: Neiler & Warran, v. Kelley, 19 P. F. Smith 403.

*H. H. McCormick* and *Robb & Snively*, for defendants.

Mr. Justice PAXSON delivered the opinion of the court, October 23d 1876.

A reserved point must be based upon certain facts admitted in the cause or found by the jury. In this case the facts are admitted; expressly stated to be so in the point itself. The court below entered judgment on the reserved question for the defendant, and judgment on the verdict, which is assigned here for error.

The case was tried below upon the theory that the contract was conditional, and that the right of the defendants to pay for one-half the lumber in stock of the defendant corporation depended upon their prompt payment in cash for the other half. But the facts as set forth in the reserved point are not so. It is there stated, "that it was a part of the contract that one-half the price was to be paid by defendant in cash, within the first fifteen days of each month, for the lumber delivered in the preceding month, and the other half was to be paid in the stock of the company at par value." This was certainly an unconditional contract, but it was urged that the whole became payable in money for two reasons, viz.: 1. The failure to pay for one-half in money as the lumber was delivered, and 2. The failure to tender the stock. In regard to the first proposition, it is sufficient to say that the agreement to take pay in stock for one-half was absolute, and not contingent upon the prompt pay-

ment of the cash portion. A refusal to deliver the stock would undoubtedly have made the whole sum payable presently in money, but we are unable to see how a mere failure to pay the cash on the days and times appointed can enable the plaintiffs to rescind the contract and demand payment of the whole in money. Nor do we see that the failure to tender the stock to the plaintiffs can have such effect. It is true there is a line of cases which decide that where a contract is made to pay in a particular commodity the debtor must have the article at the time and place designated in the contract for its delivery, or he becomes liable to pay in money: Roberts *v.* Beatty, 2 Penna. R. 63; Church *v.* Feterow, Id. 301; Fleming *v.* Potter, 7 Watts 380; White *v.* Tompkins, 2 P. F. Smith 365. There is also the case of Brown *v.* Foster, 1 P. F. Smith 165, in which Foster had done certain work for Brown under an agreement that one-half of it was to be paid for on completion, by Brown's notes at six and twelve months. Before the period at which the first note would have matured, Foster brought suit, and was permitted to recover, on the ground that the giving of the notes was a privilege to Brown, and unless he chose to avail himself of it by delivering or tendering the notes at the time, the demand became a money demand, and Foster could sue at once. The court held that there was no agreement for time, and that the giving of the notes was the price of the indulgence and a condition precedent to his obtaining time. The present case is easily distinguished from any of those above cited. Here the contract was with a corporation. It agreed to pay for one-half the lumber *in its own stock*. Had the contract been to pay in a horse, or even in the stock of another corporation, the case would have been materially different. But here the stock was to be issued by the defendant corporation to the plaintiffs, and to that extent they became purchasers from said corporation of its own stock. Having paid for it in lumber, they became in fact and in law the owners of the stock, and were entitled to demand a certificate therefor from the company. The stock of a corporation is an intangible thing; it can neither be seen nor handled. The certificate is the mere evidence of its existence, and of the title of the owner. The failure of a corporation to issue certificates of stock for the first instalment of the subscription is no defence to a suit for a subsequent one: Shelbyville *v.* Shelbyville & Eminence Turnpike Co., 1 Met. (Ky.) 54; Hardy *v.* Merriweather, 14 Ind. 203; Vawter *v.* Ohio Railroad Co., Id. 174. A subscriber who has paid for his stock cannot recover his money back for the mere failure to deliver the stock without a previous demand for it. It was even held in Arnold *v.* Suffolk Bank, 27 Barb. 424, that " an action for money had and received will not lie against a corporation by one who has subscribed for a certain number of shares and paid for them, merely on the ground that the company refuses to deliver the certificates." There was no allega-

[Phillips *et al. v.* Allegheny Car Co.]

tion here that the defendant corporation was not ready and willing to issue to these plaintiffs the certificates of stock to which they were entitled under this contract. In the absence of such demand and refusal, we do not think the defendant is in any default, and the judgment must be affirmed.