[No. 7,107.—In Bank.]
April 5, 1882.

## J. J. CUMMINGS v. P. W. DUDLEY ET AL.

SALE VARIANCE—PLEADING—EVIDENCE.—The complaint contained two counts, the first alleging the sale of a horse to the defendants for the sum of one thousand five hundred dollars; the second, that the defendants were indebted to the plaintiff in that sum on account of a horse delivered to them by the plaintiff at their request, which (it was alleged) was reasonably worth one thousand five hundred dollars.  The proof was that the defendants agreed to give the plaintiff for the horse seven hundred and fifty dollars in money and seven hundred and fifty in horses, and that the plaintiff sold and delivered the horse to the defendant on those terms.

*Held :* The plaintiff ought to have counted on the agreement to deliver the horses as well as the agreement to pay the money; but as no objection was made to the proof, as to the contract on the ground of variance or otherwise, the error was waived.

ID.—PROMISE TO PAY IN SPECIFIC ARTICLES—DAMAGES.—Where a party agrees to deliver specific property at all events, without any option on

his part, and he fails to carry out the contract, he is liable in damages
for the value of the property.

ID.—ID.—ID.—LIQUIDATED DAMAGES.—The amount fixed in the agreement
of sale in lieu of which the horses were to be delivered, should be treated
as liquidated damages.

APPEAL by defendant Dudley from a judgment for the
plaintiff and from an order denying a new trial in the Fourth
District Court of the City and County of San Francisco.
BOOKER, J.

*Terry, McKinne & Terry,* for Appellant.

*Phillip G. Galpin,* for Respondent.

ROSS, J.:

The complaint contains two counts: The first alleges that
on or about the eleventh of October, 1878, at the county of
Stanislaus, the plaintiff sold and delivered to the defendants
a certain horse for the sum of fifteen hundred dollars in gold
coin, which sum the defendants promised to pay plaintiff
therefor, but have failed to pay any part thereof except the
sum of one hundred dollars, which they paid on account.

The second count alleges that on the said eleventh day of
October the defendants were indebted to the plaintiff in the
sum of fifteen hundred dollars on account of the said horse
delivered to defendants at their request, which horse, it is
averred, was reasonably worth that sum, and no part of which
has been paid, except the sum of one hundred dollars.

The proof on the part of the plaintiff is to the effect that
defendants refused to give him fifteen hundred dollars in
money for the horse, but agreed to give him seven hundred
and fifty dollars in money and seven hundred and fifty dol-
lars in horses to be appraised in a certain way; and that the
plaintiff sold and delivered the horse to the defendants on
those terms. By the contract of sale no time was fixed for the
payment of the seven hundred and fifty dollars in money or
the delivery of the horses.

From this statement it is obvious that neither count of the
complaint stated the contract; for it is not true, as stated in
the first count, that the plaintiff sold and delivered to the
defendants the horse for the sum of fifteen hundred dollars

in gold coin; nor is it true, as stated in the second count, that at the time of the sale, to wit, October 11, 1878, the defendants were indebted to the plaintiff on account of the sale and delivery of the horse in the sum of fifteen hundred dollars. The learned counsel for the respondent has referred us to a number of cases, and we have found numerous others, in which actions have been maintained for the money or notes giving to the promisor the option to pay in specific chattels and where he has neglected to exercise the option. But in those cases the declaration averred what the contract was. Thus: *Plowman* v. *Riddle*, 7 Ala. 775, was an action in which the plaintiff declared on a promissory note for three hundred dollars, which contained a provision that the payors might discharge it in good leather of certain specified kind and at certain rates, and the Court very properly held that the privilege was for the benefit of the payors, and that it was their duty, if they elected to deliver the leather in discharge of their contract, to give notice to the plaintiff of their readiness and willingness to do so. Having failed in that duty, the contract to pay the money became absolute.

In *Stewart* v. *Donnelly*, 4 Yerger, 177, the note was for eight thousand eight hundred and ninety-nine dollars and two cents, payable November 1, 1824, and contained a provision that it might be discharged in salt. The Court properly held, that payment in salt not having been made by the day, the privilege was forfeited, and the plaintiff was not bound afterwards to receive the salt.

*Townsend* v. *Wells*, 3 Day, 327, was an action on a note for eighty dollars, to be paid in good West India rum, sugar or molasses, at the election of the payee, within eight days after date. It was held to be unnecessary to aver that the payee had made his election and given notice thereof to the payor, as the latter was bound, at all events, to make payment within eight days in one of the articles specified, and that, failing to do so, the contract to pay the money became absolute.

In *Wiley* v. *Shoemak*, 2 Greene (Iowa), 205, the note was made payable one day after date in flour. It was held that when due, the note became to the holder the same as a cash note, and that a demand of the flour was not necessary to enable the holder to recover.

In *Church* v. *Feterow,* 2 Penn., 301, it was held that when a note is given for the payment of a certain sum, in furniture or other specific articles within a stated time; the payor has an election to satisfy the note in such specific articles or in money, until the time of payment, but after that day is past, his election is gone, and the payee's right to demand money becomes absolute. So, also, was it held in *Vanhooser* v. *Logan,* 3 Scam. 388, where the note was for three hundred dollars and fifty cents, payable in cattle at a certain day.

*Fleming* v. *Potter,* 7 Watts, 380, was a suit on a note by which the defendants promised to pay forty dollars in castings or plows at their furnace, by a certain date. It was held that, to defeat the plaintiff's action, the defendants should have shown a readiness, at the time and place stated, and a continued readiness to deliver the articles; otherwise plaintiff rightly recovered the money.

The other cases cited by counsel are similar. In all of them the complaint set out what the contract was, and inasmuch as it was made to appear that the respective defendants had not exercised their option to pay in the specific chattels within the time stated, the law rightly held them from that time forth bound to pay the money.

To the same effect are a number of other cases cited by Mr. Freeman in a note to the case of *Roberts* v. *Beatty,* 21 American Decisions, p. 424.

On the other hand, where according to the agreement of the parties the promisor is to deliver the specific property at all events, without any option on his part, and he fails to carry out the contract, we understand the correct rule to be that he is liable in damages for the value of the property. (3 Pars. Con. 215; *Pinney* v. *Gleason,* 5 Wend. 393; S. C., 21 Am. Dec. 223.)

In the case before us it appears from the plaintiff's own proof that the defendants were unwilling to pay fifteen hundred dollars in money for the horse, and that it was the distinct agreement of both parties that one half of the purchase price was to be paid in horses. We therefore adhere to the views expressed when this case was before Department One of this Court, to the effect that the plaintiff ought to have counted on the agreement to deliver the horses, as well as the

agreement to pay the money.   The amount fixed in the agreement of sale in lieu of which the horses were to be delivered would be treated as liquidated damages, inasmuch as no time was fixed for the delivery of the horses, and no specified horses agreed on.

But while we hold to the views above expressed, we will affirm the judgment and order of the Court below, because the proof on the part of the plaintiff as to the contract was not objected to as inadmissible under the pleadings nor on any other ground, and because from the case as made by the plaintiff and sustained by the jury and the Court below, the judgment is for the right amount.

Judgment and order affirmed.

MCKINSTRY, THORNTON, and MYRICK, JJ., concurred.