DELAFIELD v. SAN FRANCISCO & S. M. RY. CO. et al.

No. 15,911; June 27, 1895.

40 Pac. 958.

**Contract for Services.**—A Complaint Alleging Performance of services for defendant and others, at their request, and agreement of defendant to pay therefor, supports a judgment against him alone.

**Contract for Services.**—One Who Agreed to Pay in Stock and refuses to deliver it is liable for the amount in money.

**Contract for Services.**—Where the Complaint Alleges the Performance of service, and a promise to pay therefor a certain sum, and the answer alleges a contract to pay a certain amount per month in stock, and admits that a certain number of shares thereof are due, objection to the admission of a contract like that alleged in the answer, except providing for a smaller payment, cannot for the first time be made on appeal, on the ground that it varied from that alleged in the complaint.

APPEAL from Superior Court, City and County of San Francisco; D. J. Murphy, Judge.

Action by Robert H. Delafield against the San Francisco & San Mateo Railway Company and others. Judgment for plaintiff against said company, and it appeals. Modified.

Morrison, Stratton & Foerster for appellant; A. Barnard for respondent.

VANCLIEF, C.—Plaintiff sues as assignee of Harding & Forbes, attorneys at law, to recover $1,700 for professional services alleged to have been performed by the latter for the San Francisco & San Mateo Railway Company and the S. S. Construction Company (corporations), at their instance and request, and for which, it is alleged, the former company and defendant Joost promised to pay said sum of $1,700. At the close of the evidence, counsel for defendants moved a non-suit in favor of the S. S. Construction Company, whereupon counsel for plaintiff, by leave of court, and without objection by any one of the defendants, dismissed the action as against the defendants Joost and the S. S. Construction Company, and prayed for judgment against the San Francisco & San Mateo

Railway Company alone, for the whole sum demanded, and this prayer was granted by the court. The San Francisco & San Mateo Railway Company brings this appeal from the judgment upon the judgment-roll with a bill of exceptions as to matters of law and fact.

1. The principal point made by appellant is that the complaint does not support the judgment. No doubt the S. S. Construction Company and Joost were improperly joined as defendants; but, since the misjoinder was not pleaded, and the action as to them was dismissed without objection, the only question to be considered under this head is whether the complaint supports the judgment against the appellant alone; and I think it should be held that it does. It is alleged in the complaint that Harding & Forbes performed certain services for appellant and the S. S. Construction Company at their instance and request, and that appellant "agreed to pay therefor the sum of seventeen hundred (1,700) dollars."

2. It is contended that the evidence does not justify the finding that the appellant agreed to pay Harding & Forbes in money, but only that it agreed to pay in capital stock of the appellant corporation. It is agreed that the contract by which Harding & Forbes were retained, and under which they rendered the services in question, is correctly expressed in a recorded resolution of the directors of the appellant corporation, as follows: "Resolved, that R. T. Harding and Charles H. Forbes, copartners under the firm name of Harding & Forbes, attorneys and counselors at law, be retained as the attorneys of the company until the 1st day of January, 1892, and that they receive as compensation for their services the sum of $100 per month, payable in the capital stock of the company, at the rate of $50 per share, from the 1st day of January, 1891, until the bonds of the company are sold; and then and thereafter the said attorneys shall receive the sum of $100 per month in cash, payable on the 1st day of each and every month, until the expiration of said term. Said services shall not include the active prosecution or defense of any litigation in which the company may become engaged." It was proved, without conflict of evidence, that the bonds mentioned in the contract were never sold; that for the first two and one-half months of the year 1891 the appellant issued and delivered to Harding & Forbes five shares of its stock in payment of their salary to March 15th, but ever thereafter refused

to deliver to them any more stock, although requested by
Harding & Forbes so to do after more stock became due.   The
legal consequence of such refusal to pay in stock, according to
the contract, was that appellant became obligated to pay the
salary of $100 per month in money: Cummings v. Dudley, 60
Cal. 383, 44 Am. Rep. 58, and authorities there cited.   It is
true that the contract was not fully stated in the complaint,
as it should have been; but it is alleged in the answer of de-
fendants that appellant "retained said Harding & Forbes as
the regular attorneys of said company, and agreed to pay them
. . . . for their services the sum of $200 per month, payable
in the capital stock of the company at the rate of $100 per
share''; and it is further alleged that the salary at that rate
was paid in stock up to March 15, 1891; and it is further ex-
pressly admitted "that there is now due and owing to said
Harding & Forbes 19 shares of the capital stock of said com-
pany.''   Besides, there was no objection to the admission in
evidence of the contract as recorded in the minute-book of the
appellant corporation, which, by the way, proved to be more
favorable to appellant than that set out in the answer of de-
fendants, inasmuch as it fixed the salary of Harding & Forbes
at $100 per month, whereas it was stated in the answer to have
been $200 per month.   Under these circumstances, the appel-
lant should not be heard to object to the contract here for the
first time, on the ground that it varies from that alleged in the
complaint: Cummings v. Dudley, supra.

3. Upon the admitted and indisputable facts of the case,
the plaintiff is entitled to judgment for $950, with interest
thereon from January 1, 1892, and his costs in the court be-
low, and no more.   That is to say, he is entitled to recover
the salary of Harding & Forbes from March 15, 1891, until
January 1, 1892—nine and one-half months—at $100 per
month, with legal interest and his costs in the trial court, but
should pay the costs of this appeal.   And it clearly appears
that a new trial could not lawfully result in a different judg-
ment.   The only ground upon which plaintiff claimed judg-
ment for the additional sum of $750 was that the defendant
Joost had individually promised to take from Harding &
Forbes fifteen shares of capital stock of appellant, and to pay
them therefor $50 per share, and had failed to do so; but it
was admitted by plaintiff, at the trial, that appellant was not
responsible for any default of the defendant Joost.

Other points urged by appellant are considered irrelevant to the merits of the appeal. I think the cause should be remanded, with instruction to the lower court to modify the judgment in accordance with this opinion.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the cause is remanded, and the court below is instructed to modify the judgment in accordance with said opinion, the costs of the appeal to be taxed to respondent.