[No. 3622.]

## HAMILL v. COPELAND ET AL.

1. PLEADING—EVIDENCE—CONTRACTS—PRACTICE.

It is not error to refuse to permit plaintiff to introduce evidence to establish a contract sued on and set up in the complaint, although the answer denies all the allegations of the complaint, where in a second defense of the answer it is distinctly alleged that subsequent to the making of the contract as alleged in the complaint, plaintiff and defendant entered into a compromise agreement and new contract, and that all former agreements concerning the matter at issue were merged into this latter agreement, and plaintiff in his reply admitted making the later contract as alleged, but pleaded a release.

2. TRUST DEEDS—CORPORATIONS.

An officer of a corporation may act as trustee in a deed of trust in which the corporation is beneficiary.

3. TRUST DEEDS—FORECLOSURE SALE—REDEMPTION.

Where a grantor in a deed of trust is entitled to redeem from the trustee's sale he must tender the purchaser the amount due before he can ask the court to enforce his right of redemption.

4. STIPULATIONS—FAILURE TO FILE—DISMISSAL.

Where a compromise agreement was made in settlement of a note upon the promise of the holder of the note to dismiss a suit then pending against the maker, the maker cannot avoid the compromise agreement on the ground that the payee failed to file the written stipulation, when the case was dismissed in accordance with the agreement.

*Error to the District Court of Clear Creek County.*

Messrs. MORRISON & DE SOTO, Mr. J. B. BELFORD and Mr. T. J. GALLOWAY, for plaintiff in error.

Messrs. FILLIUS & DAVIS and Mr. THOMAS MITCHELL, for defendant in error.

PER CURIAM. This was an action by the maker of a note and trust deed to set aside and redeem from the sale of real estate by the trustee under the deed of trust. The substance of the complaint is that the note thereby secured was given

for an unascertained balance due from the maker to the payee, the understanding between the parties being that whenever the maker, Hamill, produced a certain voucher known as the Fish voucher for $9,700, the bank would indorse that amount on the note. It is alleged that the maker afterwards produced the voucher, tendered it to the bank, which refused to credit it; and afterwards at the bank's request the trustee proceeded to foreclose and sell the property for default in the payment of the note and interest in an amount which, as it is alleged, was not then due. It is conceded by the parties that the trustor's equity of redemption, if he had any, was not sold by the trustee or described in his deed to the purchaser at the sale.

The answer contains a denial of all the allegations of the complaint, and as a separate defense, alleges that subsequent to the making of the note, all matters in dispute between the parties, including the Fish voucher, were settled, which settlement was evidenced by certain agreements in writing, set out in *haec verba* in the answer. The replication admits the making of the agreements as pleaded, but seeks to avoid their effect as matters of estoppel by alleging a noncompliance by the bank therewith, so that plaintiff is thereby released from his obligations thereunder. The points relied upon for reversal of the judgment dismissing the complaint are: (1) that the court erred when it refused the offer of the plaintiff to establish the allegations of his complaint concerning the agreement which he had with the bank at the time the note was executed; (2) that the trustee, being an officer of the bank, a sale by such trustee to his principal—and in this case the bank bought at the foreclosure sale—does not divest the mortgagor or trustor of his equity of redemption; (3) that the maker of a trust deed, where that instrument makes no conveyance of the equity of redemption, either in express terms or by necessary inference, has the absolute right to redeem from a sale by the trustee, if asked for within a reasonable time, and upon a tender of the amount due upon the indebtedness which the trust deed secures; (4) that un-

der the proof, plaintiff is released from the compromise agreement.

1. Where the answer denies the allegations of fact upon which the cause of action in the complaint is based, it is true, as a general rule, that the plaintiff must introduce evidence in support of his complaint. At first blush, it might seem error on the part of the court below, when it refused plaintiff's offer to make such proof; but upon a careful examination of the pleadings, it is apparent that the ruling was right in this case; for in the second defense of the answer, it is distinctly averred that subsequent to the making of the note as alleged in the complaint, the plaintiff and the defendant entered into certain compromise agreements, wherein Hamill expressly admitted that the bank held, among others, the note for $15,000 described in the complaint; upon which said note, the agreement recites, there was due at the time the compromise agreement was executed, the principal sum of $15,000, with interest; and plaintiff was not in any way released from, but on the contrary specifically recognized, its continuing obligation, and in the amount just mentioned. These written agreements further recited, that it was expressly understood and agreed between the parties, that all agreements, verbal and in writing, theretofore entered into between them concerning this $15,000 and other notes, were merged in and ended by these later ones.

The replication admitted the execution of the compromise agreements, and while it is true that it averred that the plaintiff was no longer bound by them because of the fact that the defendant had not kept them, still, so far as the question which we are now discussing is concerned, the replication may be disregarded. Since, therefore, the plaintiff admitted the making of agreements wherein it was recited that the former agreement, which he alleges he entered into with the bank at the time he executed the $15,000 note, was merged into the subsequent ones, the court did not commit error by refusing his offer to make proof of the earlier one; for at the time of the trial it was abrogated, and the rights

of the parties respecting the $15,000 note—the one in question—were measured by the later compromise agreements.

2. The second and third propositions may be considered together. It is not the law of this state that an officer of a corporation which is beneficiary in a trust deed, may not act as a trustee, and under the facts in this case, it is immaterial whether or not the plaintiff's contention be true, that under the present trust deed he had, upon seasonable application therefor, an absolute right to redeem from a sale made by the trustee, for the court below found that he did not tender, or offer to pay, to the holder of the note or purchaser at the sale, the amount due thereon, which it was necessary for him to do before he could avail himself of the right to redeem, if any he had. Indeed we do not understand that the complaint was drawn upon the theory that plaintiff was willing to pay any balance found due on the note, unless he was given credit for the amount of the Fish voucher of $9,700. At all events, there is nothing in the record to show, and no admissible or competent offer was made by plaintiff tending to show, that he was entitled to any credit not already given him by the bank. So that, there being at the trial no offer, or averment of willingness or ability, to pay whatever amount was due, if the court should adjudge that plaintiff was not entitled to a credit for the Fish voucher, the court was not obliged to order an accounting, and under this record, the question of plaintiff's right to redeem is not before us.

3. A further complaint is made by plaintiff, that he should not be held to his written compromise agreements, as pleaded in the answer, for the reason that he was induced to sign the same upon the promise by the defendant, among other things, to dismiss a certain suit then pending in the district court of Arapahoe county, in which the bank was the plaintiff, and he the defendant. This grievance is based upon the contention that a certain stipulation, signed by the attorneys of the respective parties, and in the possession of the attorney for the bank, was not filed in the court or delivered by the latter to the attorney for Hamill, so that the latter might

file the same in the court, and that this action was prejudicial to him. The district court, upon conflicting evidence, found against the plaintiff in error upon this question of fact, and under the established rule of this court, we are precluded from reviewing the finding. Moreover, it seems from the record that the refusal of the attorney for the bank to file or surrender this stipulation, which had been left in his possession, was because, through an inadvertence of counsel who drafted it, it recited a fact favorable to Hamill, which was not in accordance with the actual and written agreements which the parties signed. The dismissal of the suit in the district court, however, was made by the bank strictly in accordance with the written agreement and we fail to discover any prejudice to Hamill in this matter.

The case of *Hamill v. Copeland et al.*, decided at this term, *ante*, p. 15, the parties being the same as in the case at bar, was unlawful detainer; and there Hamill's claim of the invalidity of a sale by a trustee under which the bank asserted a right of possession, was based upon these same compromise agreements. The questions of fact involved there were, as in this case, resolved by the trial court against him, upon evidence legally sufficient to sustain the finding. Perceiving no prejudicial error in the record, the judgment is affirmed.

*Affirmed.*