[No. 3936.]

HAZELTINE v. BROCKWAY.

1. ATTORNEY AND CLIENT—FEES—CONTRACTS.
Where a contract was made between an attorney and his client whereby the attorney was to prosecute certain claims and was to be paid out of the proceeds of the recovery a reasonable compensation, and in case no recovery was had no fee was to be paid, and the attorney succeeded in recovering judgment which was settled by payment partly in money and partly in capital stock of a corporation, and the client repudiated his contract and refused to compensate the attorney out of the proceeds of the recovery, the attorney was entitled to either one of two remedies as he might elect: first, to a judgment compelling his client to deliver so much of the proceeds recovered as would compensate him for his services, or second, to a personal judgment for his damages sustained by reason of the failure of his client to carry out his contract. A judgment awarding either relief would be sustained.
2. SAME—APPELLATE PRACTICE—FINDINGS.
The findings of the lower court between an attorney and his client on conflicting evidence as to the employment and value of services is conclusive on the appellate court, and the same rule obtains upon the review of a suit in equity as in actions at law.

*Appeal from the District Court of Arapahoe County.*

THE appellee, as plaintiff below, instituted this action in the district court of Arapahoe county, to recover from appellant, who was the defendant below, compensation for legal services. For cause of action he in substance avers:

That in the year 1888 he was a duly licensed attorney at law, and was employed by the defendant to collect the amount of five $1,000 bonds theretofore issued by the Silverton Water Company, and secured by a trust deed, the value of which bonds and the existence of said trust deed as a lien having been destroyed by a judgment rendered in a certain proceeding in the district court of San Juan county; that he accepted the employment as such attorney, and it was then and there agreed, by and between him and the defendant, that the plaintiff was to undertake to protect the rights of the defendant in respect to the bonds, and to recover the amount due or to become due thereon; and that no charge was to be made against defendant, either for expenses or attorney fees, but that the plaintiff should rely upon and look for his fees to the proceeds or results of the suit, and that out of the money or property received by virtue of such suits as the plaintiff should find necessary to begin or carry on, or any compromise or settlement that might be made between the parties, that plaintiff should be entitled to receive a reasonable and just compensation for his time and labor in conducting such litigation. That from the year 1888 to August, 1895, he continuously conducted and carried on for the defendant various suits and proceedings, so that in the year 1895 a judgment and decree was entered in the district court of San Juan county, fully protecting the rights and interests of defendant. That thereafter a compromise and settlement was made between the plaintiff, by and with the consent of defendant, and the parties claiming adversely to him, by which he was to receive $5,000 par value of the capital stock of the Silverton Water Company, and also a certain amount of dividends, thereafter to be paid by that company, amounting to $2,393.60, and also a certain proportion of the sum of $1,000 allowed for attorney's fees in said settlement. That thereafter, in pursuance of said compromise, a certificate of stock for fifty shares, of the par value of $5,000, was made out and issued in the name of defendant and delivered to

plaintiff as his attorney, and at the same time the sum of $833.20 was paid to plaintiff as a part of said dividends. That upon the receipt of the stock and money plaintiff notified the defendant and demanded an accounting and settlement from him, and his due proportion of the proceeds of such settlement, as had been agreed. Avers that a reasonable and just compensation for the services rendered defendant was at least the sum of $3,500. That he demanded of defendant the payment of said sum out of the proceeds of the compromise, and that defendant refused to pay him anything whatsoever for the work and services rendered, and still refuses to permit said plaintiff to receive or enjoy any portion of the proceeds of said stock and dividends. Prays judgment against the defendant for the sum of $3,500, and also decreeing and establishing a lien therefor upon the stock and dividends in his hands.

Defendant answering, denied the employment of plaintiff, and that the relation of attorney and client was at any time created in respect to the bonds in question, or their proceeds; admits that shortly after the plaintiff had received the stock and money he demanded one half of the same, which demand he absolutely refused to recognize or allow to any extent whatever. The cause was tried to the court, and resulted in a finding in favor of plaintiff, and judgment against defendant for $3,500, and that he was entitled to an attorney's lien upon the stock and dividends; adjudged that the amount of dividends should be credited upon the judgment, and ordered and adjudged that the plaintiff pay the balance on said judgment within thirty days; and upon his failure to do so, decreed that the lien be foreclosed upon the stock, and the same, or so much thereof as necessary, sold to satisfy the judgment. To reverse this judgment defendant prosecutes this appeal.

Mr. JOHN R. SMITH, for appellant.

Mr. H. E. LUTHE and Mr. JOHN P. BROCKWAY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

1. The principal ground relied on for reversal is that the judgment is wholly unwarranted by the pleadings and proof; that the averments of the complaint and the testimony of plaintiff show that the employment, if there was any, was upon the express condition that there should be no personal liability upon the part of defendant, but that plaintiff should look solely to the proceeds recovered for his compensation. Therefore, the only relief to which he was entitled was to subject the proceeds, or so much thereof as were necessary, to the satisfaction of his claim. It will not be denied that the judgment must conform to, and be warranted by, the pleadings of the party in whose favor it is rendered; and that in so far as it grants relief not called for by the issues made thereby, it is unwarranted and cannot be upheld. But we are unable to agree with counsel for appellant that the judgment rendered in this case is obnoxious to this objection. It is true that under the contract of employment as averred and proved, the plaintiff was to look to the proceeds alone for his compensation; and it will be conceded that if defendant had recognized the agreement and was ready and willing to comply with its terms on his part, he would be exempt from any personal liability to plaintiff; but it by no means follows that he can repudiate his obligations under the contract, and refuse to permit plaintiff to share in the proceeds, and nevertheless insist that plaintiff's only remedy is to compel a strict performance of the contract on his part. The rights and obligations of defendant under the contract of employment set out in the complaint are similar to those that are conferred upon the debtor who agrees to pay a stipulated amount in specific property. Such agreements are presumed to be in favor of the debtor. He may, if he so elects, pay the amount in money in lieu of the articles his creditor agreed to receive; but if he desires to avail himself of the right to pay the property, or continue his right to do so, he must when payment is due, tender the articles agreed upon. But

if he fails or refuses to deliver the property at the time stipulated, he loses his right of election to pay in money or property, and becomes liable to pay the amount of the consideration in money. *Roberts v. Beatty*, 2 Pen. & Watts, 63; *Pinney v. Gleason*, 5 Wend. 394; *Crawford v. Daigh*, 2 Va. Cases, 521; *Perry v. Smith*, 22 Vt. 301; *Butcher v. Carlile*, 12 Gratt. 520; *Delafield v. S. F. & S. M. Ry., Co.* 40 Pac. Rep. 958.

So in this case, by refusing to carry out the contract, defendant incurred a personal liability for such damages as the plaintiff may have suffered by reason of such refusal. In other words, by his action in the matter, he furnishes the plaintiff an additional remedy, which he may avail himself of if he so elects. A party so in default certainly will not be permitted, when sued, to insist that plaintiff shall be compelled to enforce a strict and literal performance of the contract against him, without at least averring a willingness to perform on his part. The defendant not only refuses to permit plaintiff to share in the results of the litigation instituted and conducted to a successful termination by him, but denies that he is under any obligation to permit him to do so. Under such conditions, the right of plaintiff to relief in damages for breach of contract, in lieu of enforcing a delivery of such proceeds as he may be entitled to, is clear; and it is equally clear that he is entitled to such relief upon the facts alleged in the complaint. The cause of action substantially stated is: That under and by virtue of a contract entered into between plaintiff and defendant, he was entitled to compensation for his legal services out of certain proceeds, in case the same were recovered; that he performed services on his part that resulted in a recovery, and that defendant refused to allow him to share in the proceeds so recovered. Upon these facts, the plaintiff is entitled to two kinds of relief, to wit: First, the right to an actual performance on the part of defendant, by compelling him to deliver so much of the proceeds as would compensate plaintiff for his services; second, a right to compensation in damages for the loss suf-

fered by reason of the failure of defendant to deliver to him this amount; and a judgment awarding either relief would be in accord with, and warranted by, the averments in the complaint.

2. The next objection urged is that the judgment is not supported by the evidence, either in amount or character. So far as the character of the judgment is concerned, we have already determined that it is supported by the pleadings, and the evidence introduced by the plaintiff was clearly sufficient to support the averments therein. Plaintiff testified that the value of the services rendered was at least $3,500, while other attorneys who represented other parties in the suit, and who were familiar with the character of the services rendered, testified that if the payment for plaintiff's services was contingent upon recovery, as he stated the fact to be, he was entitled to one half the amount recovered. There was also testimony introduced, and which was undisputed, that the stock recovered was worth $5,000, or its par value, which together with the dividends received, made the aggregate amount recovered a little over $7,000. We think, therefore, that the evidence is ample to support the amount of the judgment. There is, however, not only a conflict, but a positive contradiction, between the testimony of plaintiff and that of defendant, upon the question of employment. The defendant denied that he ever employed plaintiff, and claims that whatever services he rendered in the case were under an employment by T. C. Henry, who had guaranteed the payment of his bonds, and at whose suggestion he forwarded the bonds to plaintiff. The testimony upon this point is voluminous and utterly irreconcilable, and the court below having found, in this state of the testimony, this issue in favor of plaintiff, we must accept such finding as conclusive upon this review.

But it is said that this being a suit in equity, this rule does not obtain, and that we are at liberty to determine, upon review of the entire evidence, whether under all the circumstances, the finding of the court ought to be upheld. Under our practice, the same rule obtains upon the review of a suit

in equity as in actions at law. We have, however, carefully read the entire testimony, and are not only satisfied that the evidence is sufficient, under the rule announced, to sustain the finding of the court below, but that the clear preponderance supports the plaintiff's claim. We deem it unnecessary to notice in detail the remaining assignments. A careful examination of the record convinces us that the case was fairly tried, and that no error intervened that would justify a reversal. The judgment is therefore affirmed.

*Affirmed.*