[No. 5748.]

Tritch v. Perry, Administrator, et al.

1. **Appeals—Findings on Conflicting Evidence**—The findings of the trial court on sufficient competent evidence are conclusive. —(341)

2. **Evidence—Testimony of Deceased Witness in a Different Cause**—Testimony given upon the trial of another cause, in a different court, the witness being deceased in the meantime, is admissible only when it is shown that the parties and the matters in issue in the two causes were identical; and this is not to be shown by the mere statements of counsel or the testimony of the official stenographer of the court.—(342)

3. **Evidence—Practice—Offer of Evidence**—The exclusion of evidence incompetent when offered, for want of the proper foundation laid, does not become erroneous by subsequently laying the foundation, without again offering the evidence.—(343)

*Appeal from Denver District Court* — Hon. Samuel W. Carpenter, Judge.

Messrs. Jones & Drake, Mr. Milton Smith, and Mr. Charles R. Brock, for appellant.

Mr. Charles J. Hughes, Jr., and Mr. Gerald Hughes, for appellee.

Mr. Justice Hill delivered the opinion of the court:

This action was against the heirs of George Tritch, deceased, the administrator of his estate, and others. The complaint alleges the existence of a partnership entered into in 1868 by the plaintiff and his deceased brother, under which it was claimed the plaintiff contributed the sum of $1,500.00 in the hard-

ware business, as against the sum of $35,000.00, which the deceased then had in said business then being conducted by him in the city of Denver. It was alleged that the plaintiff was to be a silent partner, but was to share in the profits in the proportion that his $1,500.00 bore to the $35,000.00 in the business then owned by his brother. It was further alleged that they so conducted said partnership business in the name of George Tritch, under said agreement, from the year 1868 until the death of George Tritch, which occurred at Denver in 1899; that the business flourished, large profits accrued therefrom, which remained in the possession of George Tritch, and that the value of the stock of goods and good will of the business at the time of his death, was at least $1,500,000.00. It was further alleged that, during the continuance of said partnership, George Tritch took out of the surplus and profits from said business large sums of money, and invested it in stock, bonds, real estate, and other property, and that all property owned by him at the time of his death was purchased with funds taken from said partnership business; that it was of great value; that it is in the possession of the defendants, and that no settlement has ever been made of the partnership. The prayer is to compel a recognition of the partnership, an accounting to plaintiff of his interest therein, that the court decree a trust existing in his favor, and that he be awarded his share of the property, for general relief, etc. That portion of the answer necessary to be considered contains a general denial to all material portions of the complaint. Trial was to the court, which found generally in favor of the defendants; from the judgment in favor of defendants the plaintiff appeals.

The principal assignments of error urged are that the judgment is contrary to law, and is mani-

festly against the weight of the evidence. The evidence is conflicting, but from a careful examination of the record we find abundant competent evidence to sustain the findings of the trial court. Where such is the case, under our rules of practice repeatedly announced, it is not the province of this court to disturb the findings.—*Chadbourne v. Davis,* 9 Colo. 581; *Rollins v. Board of Commissioners,* 15 Colo. 103; *Jones v. Sullivan,* 22 Colo. 224; *Cascade Ice Co. v. Water Co.,* 23 Colo. 294; *Colorado Fuel & Iron Co. v. Pryor,* 25 Colo. 540; *Barnett v. Jaynes,* 26 Colo. 279; *Hamill v. Copeland,* 26 Colo. 178; *Hazletine v. Brockway,* 26 Colo. 291.

The only other error urged by counsel in their brief pertains to the rejection of the testimony given in the county court of two witnesses, Gomer and Roberts, now deceased.

It is urged by counsel for the appellant that the action in the county court was between the same parties, and that the claim being urged there was substantially the same as the contention made here, for which reason, when it was shown that the witnesses, prior to this trial, had become deceased, it was competent to have read their testimony taken at the former trial. We do not find it necessary to pass upon this question as it was not so presented to the trial court. At the time this evidence was offered, one of the then counsel for the appellant, in substance, stated:

"We desire to offer the evidence of P. P. Gomer taken in a case styled: 'State of Colorado, County of Arapahoe, In the County Court. March 21, 1901. In the matter of the estate of George Tritch, Deceased, on the claim of Philip Tritch. Also the testimony of John W. Roberts taken in the same case and on the same day.' We have shown to the court that these witnesses are both dead, and this matter now

is familiar to the court as being a similar case to this, an effort to prove the claim.''

The death of the witnesses was conceded, but objection was made to the introduction of the evidence for the reasons ''that it had not been shown, in the only proper way that that matter can be shown, that the proceeding in the county court was identical as to the nature of the claim and the parties with that now here presented, and the further reason that the record of the county court which discloses the nature of the claim had not been presented.'' This objection was sustained on the ground that the record in the former case had not been introduced.

Thereafter, Mr. Libby, the stenographer from the county court, was called and testified that he was present at the taking of the testimony in the case of Philip Tritch against the Tritch estate, and upon objection to further questions for the reasons before raised, counsel for appellant offered to prove by the witness that the testimony of the witnesses Gomer and Roberts, then offered, was the testimony that was given by those witnesses in the case in the county court; that he took it, and that it is a transcript, the extended notes of that evidence taken by him, to which the trial judge replied:

''I don't think that can be done until the record is brought in. That would be permitting him to testify as to the case instead of the record.''

The ruling was correct in both instances. To have admitted the evidence in the first instance (if the reasons urged here are correct) would have been the acceptance of the bare statement of counsel (over proper objections), that the parties to, and the cause of, action were the same in the county court as here. To have accepted it in the second, as in substance said by the trial court, would be permitting the witness to testify and give his version as to the claim

and parties being the same, instead of proving it by the record. 'Tis true, thereafter the entire record in the former case in the county court was introduced in evidence by the defendants, but as the plaintiff did not renew his offer to introduce the testimony after the admission of the record from the county court, and as it was rightly rejected when presented, we are not called upon to pass upon the question of the identity of claims or parties or adopt any rule in this case pertaining to the evidence of a deceased witness. The judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.