# Weaver, Appellant, *v.* Consumers' Box Board & Paper Company.

*Contracts—Breach—Agreement to deliver stock—Failure to demand delivery before suit brought—Evidence—Record of former trial—Judgment n. o. v*

1. In an action on a contract under which defendant agreed to deliver shares of stock to the plaintiff, judgment n. o. v. was

properly entered for the defendant where the evidence failed to show any demand for the delivery of the stock before suit brought.

2. In such case a demand is not proven by part of the testimony in a former case between plaintiff and defendant, which was offered to contradict a witness, where the whole record of the former suit was not offered and the part offered revealed no demand, and did not show what question was involved in the former case.

Argued May 18, 1914.   Appeal, No. 266, Jan. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1912, No. 52, entering judgment n. o. v. in case of E. E. Weaver v. Consumers' Box Board & Paper Company.   Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit on a contract.   Before HASSLER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,000.

The court subsequently entered judgment n. o. v. for the defendant.   Plaintiff appealed.

*Error assigned* was in entering judgment for the defendant n. o. v.

*John A. Nauman* and *John E. Malone,* for appellant.

*W. U. Hensel,* with him *W. C. Rehm* and *G. R. Heisey,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

In consideration of certain things to be performed by the plaintiff the defendant company agreed to deliver to him fifty shares of its preferred stock of the par value of $100.00 per share.   Plaintiff, claiming the full performance of the contract on his part, brought the present action to recover damages for the defendant's breach in failing to deliver the stock.   The trial resulted in a verdict in favor of the plaintiff for the sum of two thousand dollars ($2,000.00).   A motion for new trial and

judgment non obstante followed; and upon fuller consideration the learned trial judge entered judgment for the defendant non obstante, on the ground that the evidence failed to show any demand for delivery of the stock before the bringing of the action. No question is made as to the correctness of the legal principle here applied. Assuming the fact that no demand had been made, it is conceded that the case is governed by that of Phillips v. Allegheny Car & Transp. Company, 82 Pa. 368, on which the learned trial judge rested his conclusion. The only contention here made is that the evidence was sufficient to establish a demand for the stock before the bringing of the action. The plaintiff, when on the stand and under cross-examination, was asked with respect to his testimony in a previous case between himself and the appellee. With a view to contradict the witness counsel offered in evidence so much of his testimony in the former case as was referred to in the cross-examination. So much was admitted, and nothing beyond. What that case was, and what it involved, cannot be discovered from this testimony. It may have been for the same cause of action, and may have been the equivalent of a demand for the stock claimed by plaintiff; but the record of the suit was not offered, and there is nothing in the record before us that associates the present with the earlier action. Again, it may be that in parts of the testimony of the plaintiff in the former suit, a previous demand is shown; but appellant meets with the same difficulty here, for nothing of the testimony was offered except that which related to the subject of the cross-examination, and a close inspection of that reveals nothing as to a demand. Appellant's whole reliance is upon the record of the earlier suit, which for some reason was not offered in evidence, and which may not now be considered. The assignments of error are overruled and the judgment is affirmed.